IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
Plaintiff,

v.

CARLOS PITTERSON,
Defendant.

CASE NO.
19Cr.468(JSR)

### DEFENDANT CARLOS PITTERSON'S REPLY IN SUPPORT OF HIS MOTION FOR COMPASSIONATE RELEASE

Nothing stated by the Government in its Response undercuts the validity of Defendant's request for Compassionate Release. The vague expectation that the Defendant medical conditions appear stable and that he is receiving the required medication does not defeat the extraordinary and compelling reasons warranting a reduction in sentence. The Government goes on to manipulate and misquote the Guideline Policy Statement by stating: "these conditions do not rise to medical circumstances constituting extraordinary and compelling reasons. The Government argument is misplaced. It ignores the new and relevant extraordinary and compelling reasons the commission established on November 1, 2023. As indicated, effective November 1, 2023 § 1B1.13(b)(1)(B)(ii) of the Policy Statement

-1-

identifies two (2) circumstances under which the Defendant medical condition provides extraordinary and compelling reasons for relief. First, under U.S.S.G. 1B1.13(b)(1)(B)(i), The defendant is suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. Second, the defendant is suffering from a serious...cognitive impairment that substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility and from which he or she is not expected to recover. Both (b)(1)(B)(i) and (b)(1)(B)(ii) of the Policy Statement provide independent basis for relief. Under the Policy Statement Defendant suffers from a serious medical condition as the Government concedes by stating the Defendant is receiving the required medications....and treatment. According to the Second Circuit Caselaw all that is required for a medical condition to be deemed serious is for a physician to proscribe the Defendant medication.

Second, as for Defendant's medications causing cognitive impairment the Government states that Defendant's claims are conclusory (See Affidavit of Carlos Pitterson). Here, the Government does not provide any evidence or facts to refute Defendant's claim.

-2-

DEFENDANT'S REHABILITATION EFFORTS IN COMBINATION WITH ONE OR MORE EXTRAORDINARY AND COMPELLING REASONS PRESENTED WARRANTS A REDUCTION IN SENTENCE.

Defendant sought Compassionate Release based on his rehabilitative efforts in combination with any one or more of the above mentioned extraordinary and compelling reasons.

The statute is clear: "(d) Rehabilitation of the Defendant - Pursuant to 28 U.S.C. § 994(t) rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

The Government argues that the Defendant's purported rehabilitation does not support a sentencing reduction and states that more is required than compliance with prison regulations for good behavior to constitute rehabilitation that will support extraordinary and compelling circumstances. The Government argument is misplaced as it does not measure defendant's rehabilitation in combination with the other extraordinary and compelling reasons he presented as § 994(t) permits. Taking this approach, combining Defendant's rehabilitation with his serious medical condition or with his cognitive impairment or a

-3-

combination of all three constitutes extraordinary and compelling reasons.

THE DEFENDANT IS NOT A DANGER TO OTHERS AND 3553(A) FACTORS FAVOR A REDUCTION IN SENTENCE.

The most important factor here is that the Government in its opposition did not state or argue that the Defendant was a danger to the community. That is because he is not. This is the Defendant first felony as he is a Zero Point Offender. The Government's argument that the Defendant's offense conduct was serious and its attempt to sway the Court by stating: "Fentanyl, as the Court is aware, is a highly potent and addictive synthetic opioid that....caused more than 31,000 overdose deaths in the United States is the Government attempt to use the dangerous effects of Fentanyl to overshadow and oversimplify the Defendant past, and also, ignores the meaningful growth and rehabilitation he has demonstrated while in custody on this case. The Government position relies heavily on the danger associated with Fentanyl and heroin to demonstrate how 3553(a) factors do not support resentencing, instead of relying on the Defendant individual characteristics and Nature of the offense. The defendant does not dispute that Fentanyl and heroin is dangerous. That is why he received the sentence that he received. The Defendant is a First time Felon with no criminal history. He was not dealing multiple kilos of Fentanyl or Heroin as a kingpin and was not assigned a leadership role. He was a minor participant

as the record and Government concedes. The Government produced no evidence or facts that the Defendants actions led to any of the 31,000 overdose deaths in the United States.

CONCLUSION

For the reasons stated, the Defendant humbly urge the court to grant his motion for Compassionate Release and reduce his sentence to time served. In the alternative, he request the Court reduce his sentence in the amount that the court deems proper based on an individual assessment of his case in combination with all relevant extraordinary and compelling reasons.

I declare under penalty of perjury that the above statements are true and correct.

NOV-8-2024
DATE:

Carlos Pitterson

TRULINCS 76307054 - PITTERSON, CARLOS SMITH - Unit: FTD-O-B

---

FROM: 76307054
TO: Warden
SUBJECT: \*\*\*Request to Staff\*\*\* PITTERSON, CARLOS, Reg# 76307054, FTD-O-B
DATE: 10/15/2024 03:34:01 PM

To: R. Thompson
Inmate Work Assignment: Orderly

Dear Warden Thompson,

   I am reaching out to you in regards to the search that was conducted today by Staff. In regards to my property they threw everything on the floor to include all of my medications that were dumped on the floor out of the bottles so I am now without my medication and I need them. I ask the officer in the room why he opened the medication and he told me "You did not buy it." These are medications prescribed by health services so of course I did not pay for them. Staff are not supposed to seize or dump medications that have the inmates name on it and that it is before the confiscation date on the bottle. Now I am not able to take my medications which are an issue. Also they opened all of my pizza sauce and threw my clothes on the ground and squeezed it all over them. They also opened my gain soap and squeezed that all over the floor as well. They also opened my raisin bran and frosted flakes and dumped it all over my bed and all over the room floor. They took 12 mackerels from me, 4 packs of vienna sausages, 1 pack of boxers and 2 snicker bars. This is extremely unprofessional on the staffs part and I would respectfully request that all the commissary items and medications prescribed by health services be replaced. Please look into this for me and get back to me at your earliest convenience! Sorry to bother you about this! Thank You For Your Time And Assistance! Have A Blessed Day! God Bless!

TRULINCS 76307054 - PITTERSON, CARLOS SMITH - Unit: FTD-O-B

----

FROM: 76307054
TO: Health Services
SUBJECT: ***Request to Staff*** PITTERSON, CARLOS, Reg# 76307054, FTD-O-B
DATE: 10/17/2024 01:56:43 PM

To: HSA
Inmate Work Assignment: Orderly

Dear whomever this may concern,

    This past Tuesday, a search was conducted of my building and upon returning to my room I found all of my medications dumped all over the floor and mixed together. Now I am without all of my medications. I have medications for high blood pressure, liver issues, cholesterol, diabetes, kidney issues etc. Now that I am without the medications, I am at risk for serious injury or failure of my organs. I asked the officer why he dumped the medications out and he told me that I did not buy them from the commissary. Now that is rediculous because medications that are prescribed by health services are not bought on the commissary so how can he throw them on the floor and give the reason "you did not buy them on the commissary." I also have eye issues and have Glaucoma and still have not been seen by any doctor to be examined. I have been trying for over a week to be seen and keep being turned away. The condition is worsening and nothing is being done. Also here they do not regularly check my blood pressure or blood sugar like they are supposed to as I am chronic care and have conditions requiring such monitoring. Instead, your department charges me $2 if I want to have it checked when it is supposed to be free with my chronic conditions. It is unacceptable that my blood pressure, blood sugar and other conditions only be checked every 6 months. That is not done on a regular basis. Please get back to me whenever you can! Thank you for your time, assistance and understanding! Have a very blessed day! God Bless!

TRULINCS 76307054 - PITTERSON, CARLOS SMITH - Unit: FTD-O-B

---

FROM: 76307054
TO: Warden
SUBJECT: ***Request to Staff*** PITTERSON, CARLOS, Reg# 76307054, FTD-O-B
DATE: 11/02/2024 03:44:27 PM

To: R. Thompson
Inmate Work Assignment: Orderly

Dear Ms. Thompson,

    I saw the doctor this past Thursday and he told me that I would see the eye doctor in December but I was told the last time that I saw the doctor that I would be seen again in 30 days and I saw him on September 17. I am wondering why does it take this long to get me to see the eye doctor when my condition is worsening and could progress to something much more detrimental. This prolonged period of waiting could place my health at risk thus result in serious injury. It was Ibe that told me that I have an appointment for December. Is there a way to be seen sooner because I fear that waiting too long all the way til December could result in irreversible injuries. We are supposed to have adequate medical care and not like third world countries. I thank you for all of your help and appreciate anything you can do for me! Thank you and have a very blessed day! God Bless!

## AFFIDAVIT OF Carlos Pitterson

I Carlos Pitterson, being duly sworn, depose and state:

1. My Name is Carlos Pitterson. I am over 18 years of age. I am fully competent to make this Affidavit and I have personal knowledge of the facts stated in this Affidavit. To my knowledge, all of the facts stated in this Affidavit are true and correct.

2. I am a Federal inmate housed at FCI Fort Dix.

3. This Affidavit is in Support of my Motion for Compassionate Release.

4. The medications that I am currently taking is causing me complications as I am experiencing side effects. Particularly, irritation in my left eye.

5. In Aguust, I went to medical and handed staff a cop-out requesting to have my left eye checked out because of unusual irritation and inflamation.

6. In September, I had surgery. After the surgery, I was worried that something went wrong because I was still experiencing irritation.

-1-

Carlos Smith Patterson
Reg. N° # 76307-054
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ, 08640
U.S.A.

RECEIVED
SDNY PRO SE OFFICE
2024 NOV 20 PM 2:45

CLERK
United States District Court
Southern District of New York
THE DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE
500 PEARL STREET, NEW YORK, N.Y., 10007-1312
U.S.A.

Crim. Dept.



Trenton PNDC NJ 085
FRI 15 NOV 2024 PM